IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-563-FL

| | | |
|---|---|---|
| LUIS RAUL CABRERA and ROSALIE JEANESE CABRERA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| BANK OF AMERICA, N.A., BANK OF AMERICA HOME LOAN SERVICING, LP and LOAN RESOLUTION CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiffs' motion for relief from order and judgment, pursuant to Rule 60(b) (DE 42), and second motion to amend complaint (DE 44). For the reasons that follow, where the arguments and claims raised already have been addressed in the court's February 12, 2013, order, the motions will be denied.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must cross an "initial threshold," showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotations omitted). If those conditions are met, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). The six grounds for relief include: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Fed. R. Civ. P 60(b).

Here, where the motion does not otherwise specify, it appears that plaintiffs seek relief pursuant to the catch-all provision of Rule 60(b)(6). Courts in this circuit interpret Rule 60(b)(6) narrowly, granting relief only under "extraordinary circumstances." See Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000); Neumann v. Prudential Ins. Co. of Am., 398 F. Supp. 2d 489, 492 (E.D.Va. 2005). The decision to grant or deny a Rule 60(b)(6) motion, as with all Rule 60 motions, is committed to a district court's sound discretion. See Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam); Neumann, 398 F. Supp. 2d at 492.

In support of their motion, plaintiffs raise claims and arguments previously addressed in the court's February 12, 2013, order. A Rule 60(b) motion, however, may not be used to request "reconsideration of legal issues already addressed in an earlier ruling." CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir.1995); see also Saunders v. City of Petersburg Police Dept., 158 F. App'x 491, 491 (4th Cir. Dec. 28, 2005) (per curiam) ("Rule 60(b) may not be used to relitigate claims already decided by the court"). Furthermore, plaintiffs do not raise any "extraordinary circumstances" justifying relief from the court's judgment. Therefore, the court DENIES plaintiffs' Rule 60(b) motion.

With respect to the motion to amend, plaintiffs "request permission to Amend the Complaint pursuant" to Fed. R. Civ. P. 15(a) and 60(b). As with their previous motion to amend, which defendants opposed, and which the court previously addressed in the court's February 12, 2013, order, plaintiffs do not provide or forecast any additional facts, beyond what is stated in the

2

complaint, to support their motion to amend. See Second Mot. to Amend. Absent any showing of how an amended complaint will overcome the deficiencies identified in the court's prior order, the court finds that an amendment to the complaint would be futile. Accordingly, including for the reasons stated in the court's February 12, 2013, order, plaintiffs' motion to amend is DENIED.

SO ORDERED, this the 8th day of March, 2013.

*[signature]*
LOUISE W. FLANAGAN
United States District Court Judge